# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT** ) | |
| **OPPORTUNITY COMMISSION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 1:11-CV-3465-VEH** |
| ) | |
| **COLEY'S #101, LIMITED** ) | |
| **LIABILITY COMPANY, d/b/a** ) | |
| **DAD'S BBQ,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

This sexual harassment lawsuit premised upon a hostile work environment was initiated by the Equal Employment Opportunity Commission (the "EEOC") against Defendant Coley's #101, Limited Liability Company d/b/a Dad's BBQ ("Dad's BBQ") on September 26, 2011. (Doc. 1). The action seeks "to correct unlawful employment practices on the basis of sex, female and to provide appropriate relief to Aretha Johnson and a class of employees of Defendant who were adversely affected by such practices." (Doc. 1 at 1). More specifically, the EEOC contends that this group of women were subjected to sexual harassment as employees of Dad's BBQ.

(*Id.*).

Pending before the court is the second Motion To Intervene (Doc. 12) (the "Motion") filed by LaTeshia K. Carr ("Ms. Carr") and Aretha Johnson ("Ms. Johnson") on January 23, 2012. The Motion asks the court to allow Ms. Carr and Ms. Johnson to intervene as named plaintiffs in this case and is unopposed by the EEOC. (Doc. 12 at 1; *id.* at 2 ¶ 6).

The Motion, however, is opposed by Dad's BBQ. (Docs. 14,16). On February 15, 2012, the proposed intervenor-plaintiffs filed their reply (Doc. 18), and the Motion is now under submission.[1] For the reasons explained below, the Motion is **DENIED WITHOUT PREJUDICE**.

**II.   Standard**

Rule 24 of the Federal Rules of Civil Procedure governs intervention and provides in part:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that

---

[1] On March 2, 2012, the court denied Dad's BBQ's request to file a surreply. (Doc. 20).

>disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
>**(b) Permissive Intervention.**
>
>**(1) *In General.*** On timely motion, the court may permit anyone to intervene who:
>
>>(A) is given a conditional right to intervene by a federal statute; or
>>
>>(B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(a)-(b).

### III.   Analysis

####   A.   Background

The complaint in intervention proposed by Ms. Carr and Ms. Johnson contains twelve separate counts. Due to the shotgun nature of the pleading, it is difficult for the court to discern the exact nature of each claim, but as best as it can tell count one is for sexual harassment in violation of Title VII asserted by Ms. Carr and Ms. Johnson; count two is for sex discrimination in violation of Title VII asserted by Ms. Johnson only; count three is for violation of the Equal Pay Act asserted by Ms. Johnson only; count four is for retaliation asserted by Ms. Carr and Ms. Johnson; count five is for race discrimination in violation of Title VII asserted by Ms. Carr

only; count six is for race discrimination in violation of 42 U.S.C. § 1981 asserted by Ms. Carr only; count seven is for age discrimination in violation of the Age Discrimination in Employment Act (the "ADEA") asserted by Ms. Johnson only; count eight is for age discrimination in employment in violation of Ala. Code § 25-1-22 (the "AADEA") asserted by Ms. Johnson only; count nine is for slander asserted by Ms. Carr only; count ten is for slander asserted by Ms. Carr and Ms. Johnson; count eleven is for negligent supervision asserted by Ms. Carr and Ms. Johnson; and count twelve is for wanton supervision asserted by Ms. Carr and Ms. Johnson. (Doc. 12-1 at 8-26). The prayer for relief relating to all of the foregoing counts is confusingly set forth collectively at the end of the pleading. (Doc. 12-1 at 27-29).

Regarding administrative exhaustion, Ms. Carr and Ms. Johnson allege:

> Plaintiffs submitted Charges of Discrimination under Title VII with the Federal Equal Employment Opportunity Commission (hereinafter "EEOC"). That agency has now filed a lawsuit against the Defendant based on its investigation of Plaintiffs' Charges of Discrimination and Plaintiffs have filed a Motion to Intervene in the EEOC's lawsuit against the Defendant in a timely fashion, thereby exhausting all administrative remedies.

(Doc. 12-1 ¶ 7). <u>Critically, nowhere does either Ms. Carr or Ms. Johnson indicate that she has requested and/or received a right to sue notice from the EEOC</u>.

In opposing the Motion, Dad's BBQ in summary states:

> Due to being time-barred and for the other reasons set forth

below, Defendant requests that, with the exception of the sexual harassment claims contained in the original complaint and already being litigated by the EEOC, the intervenors' request to intervene and add Title VII claims based on race, pay rates, failure to receive a raise, promotion, and other claims be denied as futile.

(Doc. 14 at 11).[2]

Dad's BBQ additionally wants the court to limit the scope of intervention with respect to Title VII sexual harassment to: the right to "monitor the proceedings to ensure that the EEOC obtains an award benefitting them" and the authority to bring to the court's attention any grounds of dissatisfaction in how the EEOC is prosecuting the case. (*Id.* at 12-13). Dad's BBQ also does not mention the status of Ms. Carr's or Ms. Johnson's right to sue, but does suggest, as explained more fully below, that several of their claims are time-barred by operation of Title VII's (and the ADEA's) ninety-day statute of limitations for bringing suit.

**B.   Ruling**

**1.   The Proposed Complaint in Intervention Is Flawed and Unacceptable.**

The Motion is **DENIED WITHOUT PREJUDICE** due to the confusing nature of the complaint in intervention proposed by Ms. Carr and Ms. Johnson. As pointed out above, the court is unsure about the scope of the claims (and related

---

[2] The court's pinpoint page number for Doc. 14 refers to the CM/ECF numbering.

relief) that Ms. Carr and Ms. Johnson seek to assert against Dad's BBQ.

This lack of clarity stems from the complaint's generalized allegations which violate the Eleventh's Circuit admonition against shotgun pleadings. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.") (footnote omitted); *id.* at 980-81 ("No competent lawyer-whether skilled in Title VII litigation or not-could compose an answer to these sweeping and multifaceted acts of discrimination that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b).") (footnotes omitted); *see also* Fed. R. Civ. P. 8(a)(1)-(3) (detailing what "[a] pleading that states a claim for relief must contain").

The Eleventh Circuit has specifically instructed district courts not to let an ambiguously worded and lumpily drafted complaint remain pending <u>even if unchallenged by a defendant</u>: "In light of defense counsel's failure to request a repleader, 'the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.'" *Davis*, 516 F.3d at 984 (citation omitted). Therefore, the court will not allow either Ms. Carr or Ms. Johnson to intervene in the absence of their proposing

a pleading that complies with Rule 8 of the Federal Rules of Civil Procedure.

### 2.     There Are Too Many Uncertainties in the Record for the Court to Reach the Disputed Issues.

The Motion is alternatively **DENIED WITHOUT PREJUDICE** due to the numerous holes contained in the record, including the unknown status as to whether either Ms. Carr or Ms. Johnson has requested and/or received her right-to-sue letter from the EEOC, and the parties' concomitant failure to adequately develop their legal arguments. In employment discrimination cases, a party's EEOC charge and right to sue routinely become part of the record. While Dad's BBQ has added Ms. Johnson's and Ms. Carr's respective EEOC charges to the record (*see* Doc. 14-2 at 2; *id.* at 5), noticeably absent are any notices of their right to sue. Further, the parties have not even mentioned the apparent non-existence of these key administrative records, much less attempted to explain why such documents are unimportant to the court's resolution of the contested intervention issues.

The parties are in agreement that the intervenor-plaintiffs' Title VII sexual harassment claims implicate intervention as a matter of right under Rule 24(a). (*See* Doc. 14 at 7 ("Title VII confers upon an aggrieved person the right to intervene in a civil action brought by the EEOC to join in the EEOC's claims.")); (Doc. 18 at 3 ("Since the relevant statute confers an entitlement to intervene as of right, Intervenor-

7

Plaintiffs should be allowed to intervene as long as their application is timely.")); *see also* 42 U.S.C. § 2000e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . .").

Also, as pointed out above, while Dad's BBQ does not generally oppose intervention with respect to Title VII sexual harassment-based claims, it does seek to limit the scope of the plaintiffs' involvement to a non-active monitoring role, citing to an unpublished decision by the United States District Court for the Middle District of Florida entitled *EEOC v. Taco Bell of Am., Inc.*, No. 8:06-CV-1792-JSM-MAP (Jan. 23, 2007). (Doc. 14 at 12-13); (Doc. 14 at 14 ("Therefore, subject to reasonable conditions like those to those imposed by the district court in *EEOC v. Taco Bell*, the Defendant does not oppose intervention in the Title VII hostile environment claims contained in the original complaint, consisting of: (1) offensive language and gestures, and (2) a coworker allegedly threatening to punch Johnson in the face."));[3]

---

[3] The court acknowledges that Dad's BBQ takes the position that as Title VII sexual harassment intervenors, Ms. Carr and Ms. Johnson should have to limit the scope of their hostile environment theory to only those acts consisting of offensive language and gestures and/or physical threats by a co-worker. (Doc. 14 at 14, 16-17). The court disagrees. The EEOC's complaint is broadly written to include several examples of alleged objectionable conduct, but makes it clear that such list is not intended to be an exhaustive one. (Doc. 1 ¶ 9). Additionally, as the intervenor-plaintiffs point out, a hostile work environment claim is properly analyzed as a series of acts, not multiple claims premised upon each instance of misconduct. (Doc. 18 at 5); *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118, 122 S. Ct. 2061, 2075, 153 L. Ed. 2d 106 (2002) ("Given, therefore, that the incidents

(*see also* Doc. 14-1 at 2-4).

However, in the *Taco Bell* case, the record was clear that the intervenor-plaintiff, Mr. Stanley, had not yet received notice from the EEOC of his right to sue and this fact was relied upon by the district court in reaching its decision. (*See* Doc. 14-1 at 3 ("Additionally, an intervenor is foreclosed from filing his own lawsuit until he receives a Right to Sue from the EEOC."); *id.* ("Further, Mr. Stanley should not be compelled to attend arbitration in this matter, since he currently lacks the right to bring an independent cause of action under Title VII"); *id.* ("Plaintiff-In-Intervention shall not actively prosecute this case, or introduce issues which are outside the scope of the issues of the main suit filed by the EEOC.")).

The court has studied the record here and has concluded that it cannot decide the parties' contested issues due to both sides' failure to adequately address the apparent lack of any actual or requested right to sue on the part of Ms. Carr and/or Ms. Johnson.[4] In particular, neither side has acknowledged the existence *vel non* of

---

constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim.").

[4] The Supreme Court, in addressing the interplay between the Federal Arbitration Act and the EEOC's right to bring a federal action against an employer, has explained:

> If it were true that the EEOC could prosecute its claim only with Baker's consent, or if its prayer for relief could be dictated by Baker, the

a right to sue as a potential issue, much less explained why it should or should not matter under the circumstances presented here. The parties also have not referred the court to any authority which has analyzed this issue in a well-reasoned manner, much

---

> court's analysis might be persuasive. But once a charge is filed, the exact opposite is true under the statute—the EEOC is in command of the process. The EEOC has exclusive jurisdiction over the claim for 180 days. During that time, the employee must obtain a right-to-sue letter from the agency before prosecuting the claim. <u>If, however, the EEOC files suit on its own, the employee has no independent cause of action, although the employee may intervene in the EEOC's suit</u>. 42 U.S.C. § 2000e–5(f)(1) (1994 ed.). In fact, the EEOC takes the position that it may pursue a claim on the employee's behalf even after the employee has disavowed any desire to seek relief. Brief for Petitioner 20. The statute clearly makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake. Absent textual support for a contrary view, it is the public agency's province—not that of the court—to determine whether public resources should be committed to the recovery of victim-specific relief. And if the agency makes that determination, the statutory text unambiguously authorizes it to proceed in a judicial forum.

*E.E.O.C. v. Waffle House*, Inc., 534 U.S. 279, 291-92, 122 S. Ct. 754, 762-63, 151 L. Ed. 2d 755 (2002) (emphasis added). Thus, based upon *Waffle House* and the EEOC's pending litigation against Dad's BBQ, Ms. Carr and Ms. Johnson have lost their right to independently pursue Dad's BBQ for their Title VII sexual harassment claims. *Waffle House* does not address the nuances of when a charging party may seek intervention status (*i.e.*, before or only after a right to sue has issued) or the scope of what intervenor status means in an action being litigated by the EEOC. Similarly, *Waffle House* does not address whether an employee who seeks to intervene by way of statutory right under Title VII may pursue other employment claims that are contained in the individual's charge, but are beyond those that the EEOC is actually litigating.

less cited to any binding on-point case law.[5]

Further, without the necessary information to decide the proper scope of intervention as to Title VII sexual harassment, the court believes that deciding the other areas of proposed intervention would be premature and equally inappropriate at this juncture. For example, Dad's BBQ contends that the court should reject intervention with respect to several other employment claims on the basis of futility because they are time-barred. (Doc. 14 at 14-22). However, in light of the fact that the court cannot even tell if Ms. Orr and Ms. Johnson have properly administratively exhausted any of their Title VII claims by obtaining a right to sue, it is even more troubled by Dad's BBQ's contention that all non-harassment Title VII as well as all ADEA/AADEA claims are administratively stale on account of an expired ninety-day statute of limitations. Indeed, when Dad's BBQ does cite to any authority relating to

---

[5] By way of example only, neither side has suggested that equitable modification should apply here such that the absence of an actual right to sue should not preclude the intervenor-plaintiffs from filing their complaint in intervention against Dad's BBQ. *Cf. Forehand v. Florida State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569-70 (11th Cir. 1996) ("It is clear from the foregoing cases that receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification."). Under the doctrine of equitable modification, a litigant may, under certain circumstances, receive "a right-to-sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, [and still] satisf[y] the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII." *Forehand*, 89 F.3d at 1568 (quotation marks omitted).

the calculation and application of the ninety-day rule, it unhelpfully (and, *a fortiori*, unpersuasively) relies upon cases in which the plaintiff actually received a right to sue. (*See, e.g.*, Doc. 14 at 17 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984)); Doc. 14 at 20 (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947 (11th Cir. 2005))).

The timeline set forth by Dad's BBQ points to two potential triggering dates for starting Title VII's ninety-day statute of limitations: (1) September 26, 2011, *i.e.*, the filing date of the complaint by the EEOC; or (2) August 19, 2011, *i.e.*, the date on which conciliation efforts with the EEOC regarding Ms. Carr's and Ms. Johnson's charges ended. (Doc 14 at 15-16); (*see also* Doc. 14-2 at 26, 28). Dad's BBQ argues that, because more than ninety days has elapsed between either one of these suggested starting dates and the ending date of January 23, 2012, on which date the pending Motion was filed, all other Title VII and all ADEA/AADEA claims are time-barred.

However, Dad's BBQ points to no authority which establishes that the ninety-day statute of limitations starts to run on all employment claims contained in a charge in the absence of a right to sue whenever the EEOC decides to end conciliation efforts with an employer and <u>elects to file suit on only one part of the charge</u>. *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any

12

citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.3d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Instead, Dad's BBQ cites to 29 C.F.R. § 1601.27 for the proposition that "[w]ithout question, filing a civil action against the Defendant in federal court . . . terminated the EEOC's administrative processing of [Ms.] Johnson's and [Ms.] Carr's charges." (Doc. 14 at 15). Section 1601.27 states:

> The Commission may bring a civil action against any respondent named in a charge not a government, governmental agency or political subdivision, after thirty (30) days from the date of the filing of a charge with the Commission unless a conciliation agreement acceptable to the Commission has been secured: *Provided, however,* That the Commission may seek preliminary or temporary relief pursuant to section 706(f)(2) of Title VII, according to the procedures set forth in § 1601.23 of this part, at any time.

29 C.F.R. § 1601.27.

Thus, nothing in § 1601.27 expressly indicates that the ninety-day statute of limitations begins to run or otherwise addresses the status of a charging's party right to sue when the EEOC decides to file a lawsuit against an employer on the basis of a portion of a preexisting charge. Additionally, nothing in the EEOC notice about ending conciliation efforts does either. (Doc. 14-2 at 26, 28). Therefore, the court is placed in the position of deciding the issue of untimeliness without knowing the

status of the charges filed by Ms. Carr and Ms. Johnson and without the benefit of an adequately developed record as to how the lack of any right to sue impacts on their right to intervene and/or the appropriate scope of that intervention.

As the United States District Court for the Southern District of Alabama has observed:

> "Judges are not like pigs, hunting for truffles buried in briefs." *Smith v. Secretary, Department of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009). An issue must be "fairly presented" in order to trigger consideration, and a glancing reference without discussion or legal authority does not meet that standard. *Id.* As the Court has previously noted, (Doc. 110 at 2), "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

*Amazing Grace Bed & Breakfast v. Blackmun*, No. 09-0298-WS-N, 2011 WL 606126, at *3 (S.D. Ala. Feb. 11, 2011). Therefore, similar to *Amazing Grace*, because the parties have not "fairly presented" their contested issues, the court will not speculatively resolve them for them.

### IV. Conclusion

In sum, the record on intervention is incomplete and underdeveloped both factually and legally. Accordingly, the Motion is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this the 4th day of April, 2012.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge