# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT** | ) |
| **OPPORTUNITY COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:11-CV-3465-VEH** |
| | ) |
| **COLEY'S #101, LIMITED** | ) |
| **LIABILITY COMPANY, d/b/a** | ) |
| **DAD'S BBQ,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

This sexual harassment lawsuit premised upon a hostile work environment was initiated by the Equal Employment Opportunity Commission (the "EEOC") against Defendant Coley's #101, Limited Liability Company d/b/a Dad's BBQ ("Dad's BBQ") on September 26, 2011.  (Doc. 1).  The action seeks "to correct unlawful employment practices on the basis of sex, female and to provide appropriate relief to Aretha Johnson and a class of employees of Defendant who were adversely affected by such practices."  (Doc. 1 at 1).  More specifically, the EEOC contends that this group of women were subjected to sexual harassment as employees of Dad's BBQ.

(*Id.*).

Pending before the court is the Third Motion To Intervene (Doc. 24) (the "Motion") filed by LaTeshia K. Carr ("Ms. Carr") and Aretha Johnson ("Ms. Johnson") on April 19, 2012. The Motion, for a third time, asks the court to allow Ms. Carr and Ms. Johnson (collectively, the "Intervenors") to intervene as named plaintiffs. The court entered a briefing order (Doc. 25) on the Motion on April 26, 2012. Pursuant to this schedule, the Intervenors filed this supporting brief (Doc. 28) on May 14, 2012, and Dad's BBQ filed its opposition brief (Doc. 31) on May 29, 2012.

On June 4, 2012, the Intervenors followed with their reply. (Doc. 32). Accordingly, the Motion is now under submission and for the reasons explained below is **GRANTED**, as modified herein.

II.    **Standards**

A.    **Intervention**

The Intervenors premise this Motion upon intervention as a matter of right with respect to their claims of Title VII sexual harassment and permissive intervention for their remaining claims. Rule 24 of the Federal Rules of Civil Procedure governs intervention and provides in part:

**(a) Intervention of Right.** On timely motion, the court must permit

2

anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

**(1) *In General.*** On timely motion, the court may permit anyone to intervene who:

> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact. . . .

**(3) *Delay or Prejudice.*** In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(a)-(b).

"Whether leave to intervene is sought under section (a) or section (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (11th Cir. 1977) (citing *United Air Lines, Inc. v. McDonald*, 432 U.S. 385, 387, 97 S. Ct. 2464, 2466, 53 L. Ed. 2d 423, 427 (1977)).

Intervention as a matter of right is reviewed for error. *Walters v. City of*

*Atlanta*, 803 F.2d 1135, 1151 n.16 (11th Cir. 1986) ("We review unsuccessful motions to intervene as of right under Rule 24(a) for error.").  The standard of review for permissive intervention is abuse of discretion."  *Id.* ("Motions for permissive intervention under Rule 24(b) are reviewed to determine whether the trial court abused its discretion."); *see also Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1367 (11th Cir. 1982) ("[P]ermissive intervention . . . lies within the discretion of the district court. . . . [and] is a decision which may be reviewed only for a clear abuse of discretion.") (citations omitted).

## B.    Futility

Dad's BBQ primarily opposes the Motion on the grounds of futility.  Typically, the doctrine of futility arises in the context of a plaintiff's seeking leave to amend a complaint.

"When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessary fail."  *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999).  The futility standard is comparable to that applicable to a motion to dismiss.  *See B.D. Stephenson Trucking, L.L.C. v. Riverbrooke Capital*, No. 5:06-CV-0343-WS, 2006 WL 2772673, at *6 (S.D. Ala. 2006) ("The futility threshold is akin to that for a motion to dismiss; thus, if the

amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir.1999))); *see also Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir.1996) (affirming district court's denial of amendment as futile because purported cause of action "would not withstand a motion to dismiss").

### C.    Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent

with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.   Analysis

### A.   Preliminary Considerations

The proposed complaint-in-intervention contains six separate counts, three of which are federal claims and three of which are state-law based. (*See generally* Doc.

24-1).  More specifically, the Intervenors seek to assert the following list of claims in this lawsuit:   1) Title VII sexual harassment; 2) Title VII sex discrimination asserted by Ms. Johnson only; 3) Title VII retaliation; 4) slander; 5) outrage; and 6) negligent supervision.  (*Id.* ¶¶ 31-82).

The Intervenors' right-to-sue letters are now part of the record.  (Docs. Nos. 28-4, 29).  The EEOC issued Ms. Carr's on May 10, 2012 (Doc. 28-4 at 1), and Ms. Ms. Johnson's on May 15, 2012.  (Doc. 29 at 1).

**B.     Futility**

**1.     Federal Claims**

Dad's BBQ does not contest intervention with respect to count I of the proposed amended complaint, which asserts sexual harassment.[1]  Concerning count

---

[1] As this court has previously stated:

> The parties are in agreement that the intervenor-plaintiffs' Title VII sexual harassment claims implicate intervention as a matter of right under Rule 24(a).  (*See* Doc. 14 at 7 ("Title VII confers upon an aggrieved person the right to intervene in a civil action brought by the EEOC to join in the EEOC's claims.")); (Doc. 18 at 3 ("Since the relevant statute confers an entitlement to intervene as of right, Intervenor-Plaintiffs should be allowed to intervene as long as their application is timely.")); *see also* 42 U.S.C. § 2000e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . .").

(Doc. 23 at 7-8).

II, Dad's BBQ contends that the promotion, pay, and retaliation claims asserted by Ms. Johnson are futile due to her failure to exhaust administrative remedies under Title VII.  However, Ms. Johnson responds that her pay and promotion claims both are retaliation-based and arose "after she filed her EEOC charge dated July 7, 2010." (Doc. 32 at 4 (emphasis omitted)).

The law is clearly established within this Circuit that the requirement of administrative exhaustion does not bar a plaintiff from pursuing a post-charge retaliation claim due to the application of the so-called *Gupta* rule.  *See Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 762 (11th Cir. 1995) ("In *Gupta*, the court held that there is no need to file a subsequent EEOC charge involving a retaliation claim where the claim 'grows out of an administrative charge that is properly before the court,' because the court has ancillary jurisdiction over the claims.").  Stated differently, under *Gupta*, a litigant is simply not required to administratively exhaust a retaliation claim that arises out of a previously and properly filed administrative charge of discrimination.  *Cf. Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007) ("If, however, the alleged retaliatory action occurs *before* the initial EEOC charge is filed, a plaintiff must exhaust his administrative remedies as to that claim by including factual information in the charge that discloses the factual basis for the retaliation claim.").

8

As the Eleventh Circuit has clarified the contours of the *Gupta* rule:

> In *Gupta*, the district court had allowed the plaintiff to amend his complaint to add allegations of retaliatory discharge, even though he had not filed charges with the EEOC.  Although Baker did not seek leave to amend the complaint in this case before she filed the motion for injunctive relief, the court's reasoning in *Gupta* still applies.  <u>It has long been established in this circuit that the scope of a judicial complaint is defined by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination."</u>  *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also Turner v. Orr*, 804 F.2d 1223, 1226-27 (11th Cir. 1986).  <u>Because a claim of retaliation could reasonably be expected to grow out of the original charge of discrimination,</u> the district court had jurisdiction over the motion for injunctive relief.

*Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988) (emphasis added).  Thus, controlling precedent from the Eleventh Circuit unambiguously establishes that "a claim of [Title VII] retaliation could reasonably be expected to grow out of the original charge of [Title VII gender] discrimination."  Consequently, there simply is no basis to Dad's BBQ's administrative exhaustion defense as it pertains to post-charge claims of retaliation, and the court will allow Ms. Johnson to pursue her retaliatory failure to promote and retaliatory compensation claims as set out in count II.

With respect to count III, Dad's BBQ again maintains that administrative exhaustion bars Ms. Carr's retaliatory discharge claim.  However, as clarified by Ms. Carr and confirmed by the record, her EEOC charge expressly alleges that "she was

9

terminated in an act of retaliation." (Doc. 31-1 at 6).  Therefore, Dad's BBQ's futility defense is likewise futile as to count III.

Finally, Dad's BBQ suggests that count III includes a disparate pay claim  on behalf of Ms. Johnson.  (Doc. 31 at 17).[2]  In response, Ms. Johnson disavows an intent to assert such a claim.  (Doc. 32 at 5-6).  Thus, any dispute over this purported claim is **MOOT**.

### 2.    State Claims

Dad's BBQ contests the viability of all state law claims asserted by the Intervenors.  The court address each one separately below.

### a.    Slander

Dad's BBQ urges that this court should disallow the Intervenors' slander count for their failure to state a claim and because their claims are barred by the statute of limitations.  (Doc. 31 at 22-24).  The court concludes, to the contrary, that the slander claims are plausibly pled, that Dad's BBQ incorrectly asserts that the applicable statute of limitations for slander is one year,[3] and that, regardless, deciding the merits of Dad's BBQ's affirmative statute of limitations defense on such an underdeveloped

---

[2]  The pinpoint references relating to Doc. 31 correspond with the CM/ECF page numbering.

[3]  *See* Ala. Code § 6-2-38(k) ("All actions of libel or slander must be brought within two years.").

record would be inappropriate.

### b.    Outrage

Dad's BBQ also contends that the Intervenors' outrage claim requires more specificity. (Doc. 31 at 20-22).  The court disagrees and determines that because the count incorporates the pleading's prior factual allegations, including the sexually harassing acts allegedly endured by Ms. Johnson and Ms. Carr, count V has been plausibly pled and survives scrutiny under Rule 12(b)(6).

### c.    Negligent Supervision

Dad's BBQ further maintains that the Intervenors' negligent supervision claim is improperly pled.  (Doc. 31 at 25-26).  Akin to the court's analysis regarding outrage set out above, the court rejects Dad's BBQ's position and finds that the Intervenors' negligent supervision claim is not futilely asserted.

### C.    Additional Objections to Intervention

Dad's BBQ raises two other categories of objections to intervention that are unrelated to futility.  First, regarding their federal claims, Dad's BBQ argues that the Intervenors "do not satisfy Rule 24(b)(2)'s requirements for permissive intervention under Title VII because they seek to add new causes of action that do not have questions of law or fact in common with sexual harassment, require examination of legal principles and factual issues that are unrelated to sexual harassment cases,

11

impermissibly enlarge the scope of the lawsuit, and increase the costs of litigation." (Doc. 31 at 26).

While the court acknowledges that the initial reason raised in this section of Dad's BBQ's brief loosely tracks the language of Rule 24(b)(1)(B), Dad's BBQ cites to no case authority which has embraced any of these other purported grounds as a basis for denying permissive intervention to charging parties seeking to assert Title VII retaliation that allegedly arises out of underlying Title VII sexual harassment that is being litigated by the EEOC on behalf of those same individuals.

Additionally (and assuming the soundness of the above framework), Dad's BBQ merely makes bare allegations about the presence of these factors without providing any substantiating details.  Under such circumstances, the court is under no obligation to address such an underdeveloped and perfunctorily presented position.  *Cf. Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court).

Moreover, the court disagrees with Dad's BBQ's characterization of the proposed intervention as lacking shared commonality and instead sees the

Intervenors' retaliation claims factually springing from their reporting and complaining about sexual harassment. Finally, even if an alleged but unquantified concern about an increase in the costs of litigation is an appropriate <u>consideration</u> for disallowing permissive intervention, the court struggles to see how such consideration, <u>standing along</u> would ever be a <u>sufficient</u> basis.

Second, regarding the state law claims, Dad's BBQ contends that allowing intervention "will prejudice [the] adjudication of [its] rights." (Doc. 31 at 26). Initially, the undersigned observes that nothing in Rule 24 directs a district court to decline to entertain permissive intervention on account of <u>any</u> alleged prejudice caused to an existing litigant. *Cf. Worlds v. Dep't of Health & Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991) ("Every proposed intervention necessarily involves some degree of delay . . . .").

Instead, as is pertinent here, the relevant inquiries for the court to address are whether there are "common question[s] of law or fact" and "whether the intervention will <u>unduly</u> delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B); Fed. R. Civ. P. 24(b)(3) (emphasis added); *see also Stallworth*, 558 F.2d at 269 ("Determining whether an individual should be permitted to intervene is a two-stage process."); *id.* ("First, the district court must decide whether 'the applicant's claim or defense and the main action have a question of law or fact

in common.'" (citing  Fed. R. Civ. P. 24(b)(2))); *id.* ("If this threshold requirement is met, then the district court must exercise its discretion in deciding whether intervention should be allowed.").

Regarding commonality, this court finds that there is a significant overlap between several of the state law claims and Title VII sexual harassment, especially as "[i]t is well settled that Alabama does not recognize an independent cause of action for sexual harassment.   Instead, claims of sexual harassment are maintained under common-law tort theories such as assault and battery, invasion of privacy, negligent training and supervision, and outrage." *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 825 n.6 (Ala. 1999) (emphasis added).

Additionally, the Intervenors' state law slander claims factually flow from their complaints and/or charges made about sexual harassment in the workplace. *Cf. Stallworth*, 558 F.2d at 269 ("In light of the liberal construction that the 'interest' requirement of section (b)(2) has received, the appellants plainly meet the first test.") (citations omitted).

The court also finds that Dad's BBQ will not be unduly prejudiced by the proposed intervention.[4] *Cf. Athens*, 690 F.2d at 1367 (upholding district court's

---

[4]  Dad's BBQ does not protest permissive intervention on the basis of undue delay.

decision to deny permissive intervention in expedited constitutional proceeding due to "the introduction of additional parties [causing] inevitably delays" and "the remoteness and the general nature of [the proposed intervenor's] claims"). The authorities relied upon by Dad's BBQ in an effort to show serious prejudice are unavailing. In particular, none of the cases cited by Dad's BBQ is binding precedent upon this court. Accordingly, such decisions "are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citing *United States v. Rodriquez-Lopez*, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004)).

Further, the court finds these opinions to be either significantly off-point or otherwise unpersuasive.[5] Thus, due to the presence of common questions of law and fact and the lack of any undue delay or prejudice, the court, in its discretion and in the interest of judicial economy, will allow the Intervenors to pursue all six counts (as further refined by the repleading ordered below) as part of the EEOC's already pending litigation for Title VII sexual harassment against Dad's BBQ.

## IV.   Conclusion

---

[5] For example, *S.E.C. v. Stanford Intern. Bank Ltd.*, 424 Fed. App'x 338 (5th Cir. 2011) has nothing to do with permissive intervention, but rather is an appeal of the denial of a motion to modify an injunction and does not anywhere within it include the language quoted by Dad's BBQ. (Doc. 31 at 29).

Based upon the foregoing, the Motion is **GRANTED** as modified herein. Because the Intervenors have expressly limited count II of the proposed complaint to retaliatory failure to promote and retaliation in compensation, they are **HEREBY ORDERED** to file in a complaint-in-intervention <u>no later than July 20, 2012</u>, which reflects this change and which otherwise avoids the pitfalls of shotgun pleadings. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.").[6]

---

[6]*Davis* footnote 54 gives numerous examples of Eleventh Circuit anti-shotgun references and states in full:

> *See, e.g., United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006); *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1330 n.22 (11th Cir. 2004); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 nn.9-10 (11th Cir. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001); *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *BMC Indus., Inc.* v. *Barth Indus., Inc.*, 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Ibrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162 *passim* (11th Cir. 1997); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-367 (11th Cir. 1996); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir. 1995); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1483-84 (11th Cir.

More specifically, in repleading, the Intervenors must break each one of their claims against Dad's BBQ into a separate federal or state law <u>individualized</u> count instead of lumping the Intervenors' respective claims together as presently pled. For example, the Intervenors should replead the current count III so that its scope is limited to Ms. Carr's claim of retaliatory discharge only. Similarly, the Intervenors must make factual allegations and assert claim(s) singularly as to each one of them rather than collectively referring to the allegations of Ms. Carr and Ms. Johnson within the same count.

<u>Finally, because this is the second time that the court has had to warn the Intervenors about the unacceptable shotgun nature of their proposed pleading (*see* Doc. 23 at 5-6), their failure to formulate a complaint that does not run afoul of this problem runs the risk of further court action, including, but not limited to, a *sua sponte* dismissal of any and all non-compliant counts.</u>

---

1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543-44 n.14 (11th Cir. 1986) (Tjoflat, J., dissenting). This list is just a teaser – since 1985 we have explicitly condemned shotgun pleadings upward of fifty times.

*Davis*, 516 F.3d at 979 n.54.

**DONE** and **ORDERED** this the 9th day of July, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge